12-3341-cv
Jones v. New York State Metro D.D.S.O., *et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of October, two thousand thirteen.

PRESENT:
> BARRINGTON D. PARKER,
> PETER W. HALL,
> RAYMOND J. LOHIER, JR.,
> > *Circuit Judges.*

---

Damon O. Jones,

> *Plaintiff-Appellant*,

> v.                                                          No. 12-3341-cv

New York State Metro D.D.S.O., *et al.*,

> *Defendants-Appellees*,

Urmic Arora, *et al.*,

> *Defendants*.

---

**FOR APPELLANT:**                 Damon O. Jones, *pro se*, New York, NY.

**FOR APPELLEES:** Barbara D. Underwood, Solicitor General, Michael S. Belohlavek, Senior Counsel, Claude S. Platton, Assistant Solicitor General, *for* Eric T. Schneiderman, Attorney General of the State of New York, New York, NY.

_____

Appeal from a judgment of the United States District Court for the Southern District of New York (Hellerstein, *J*.).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Damon O. Jones ("Jones"), proceeding *pro se*, appeals from the district court's grant of summary judgment in favor of his former employer, Defendant-Appellee the New York State Metro Developmental Disabilities Services Office ("DDSO"), his former co-worker, Michael Harrison ("Harrison"), and his former supervisors Laverne Boone ("Boone") and Shirlynn Thomas ("Thomas"). This order dismissed with prejudice Jones's employment discrimination claims brought pursuant to 42 U.S.C. § 1983, the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq.*, as well as the New York State and New York City Human Rights Laws. Additionally, Jones appeals from the district court's denial of his motions for recusal, to compel discovery, and for default judgment. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a district court's grant of summary judgment *de novo* and focus on whether the district court properly concluded that there was no genuine dispute as to any

2

material fact and the moving party was entitled to judgment as a matter of law. *See Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). We resolve "all ambiguities and draw all inferences in favor of the party against whom summary judgment is sought. The inferences to be drawn from the underlying affidavits, exhibits, interrogatory answers, and depositions must be viewed in the light most favorable" to the nonmoving party. *Nationwide Life Ins. Co. v. Bankers Leasing Ass'n*, 182 F.3d 157, 160 (2d Cir. 1999) (quoting *Cronin v. Aetna Life Ins. Co.*, 46 F.3d 196, 202 (2d Cir. 1995)). Summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotation marks omitted).

We review a district court's discovery rulings for abuse of discretion, bearing in mind that a "district court has broad discretion to manage pre-trial discovery." *Wood v. FBI*, 432 F.3d 78, 84 (2d Cir. 2005). We also review a district court's rulings on recusal motions and motions for default judgment for abuse of discretion. *See In re Basciano*, 542 F.3d 950, 956 (2d Cir. 2008) (recusal motion); *Covino v. Vt. Dep't of Corr.*, 933 F.2d 128, 130 (2d Cir. 1991) (default judgment).

An independent review of the record and relevant case law reveals that the district court properly granted summary judgment in favor of Defendants-Appellees. First, as the State of New York has not waived sovereign immunity from suits for damages under Section 1983 and the ADA, the Eleventh Amendment bars Jones's claims under these statutes against the DDSO, a division of the state agency referred to as the Office for

3

People with Developmental Disabilities.  *See Nicolae v. Office of Vocational & Educ. Servs. for Individuals with Disabilities*, 257 F. App'x 455, 456-57 (2d Cir. 2007) (ADA); *Feingold v. New York*, 366 F.3d 138, 149 (2d Cir. 2004) (Section 1983).  Second, although the district court did not explicitly analyze Jones's Title VII discrimination and retaliation claims against the DDSO under the three-step burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), it is clear that the district court applied this framework and correctly concluded that Jones failed to state a *prima facie* case of either discrimination or retaliation.  Specifically, the DDSO provided admissible evidence that Jones was terminated due to his arrest for sexually assaulting a developmentally disabled person in the care of the DDSO, while Jones failed to proffer any evidence demonstrating that his discharge took place under circumstances giving rise to an inference of discrimination.  *See Reynolds v. Barrett*, 685 F.3d 193, 202 (2d Cir. 2012) ("Under the *McDonnell Douglas* framework, a plaintiff establishes a *prima facie* case of intentional discrimination by showing that (1) he is a member of a protected class; (2) he was qualified for the position he held; (3) he suffered an adverse employment action; and (4) the adverse action took place under circumstances giving rise to an inference of discrimination."  (internal quotation marks and alteration omitted)).  Moreover, Jones failed to state a *prima facie* case of retaliation because reporting to a supervisor that a fellow employee was "sleeping on the job" is not a protected activity under Title VII.  *See Cruz v. Coach Stores, Inc.*, 202 F.3d 560, 566 (2d Cir. 2000) (holding that a "protected activity refers to action taken to protest or oppose statutorily

4

prohibited discrimination") (internal quotation marks omitted), *superseded on other grounds by* N.Y.C. Local L. No. 85.

As for Jones's claims under the ADA, Title VII and Section 1983 against Harrison, Boone and Thomas (collectively "Individual Defendants"), he failed to file charges with the Equal Employment Opportunity Commission within 300 days of the alleged discriminatory act and to file suit within 90 days of receiving his notice of right to sue letter. His claims against the Individual Defendants are, therefore, time-barred. Nor has Jones show that he was entitled to equitable tolling as he could have filed a discrimination charge even while incarcerated. Although Jones's Section 1983 claims against the Individual Defendants are not time-barred, sovereign immunity precludes asserting the claims against them in their official capacity. Moreover, because Jones failed to show that the Individual Defendants were personally involved in a constitutional deprivation, his claims against them in their individual capacity must also fail. *See Back v. Hastings on Hudson Union Free Sch. Dist.*, 365 F.3d 107, 122 (2d Cir. 2004) (stating that imposing individual liability under Section 1983 requires "personal involvement . . . in alleged constitutional deprivations") (internal quotation marks omitted). For the foregoing reasons, Defendants-Appellees were entitled to summary judgment with respect to all of Jones's federal claims, and the district court did not abuse its discretion in refusing to exercise supplemental jurisdiction over Jones's state law claims.

Finally, the district court did not abuse its discretion in denying Jones's motion to compel discovery as Jones failed to indicate the type of discovery he required and how

5

such further discovery would create a genuine issue of material fact. The district court also did not abuse its discretion in denying Jones's motions for recusal and for default judgment.

We have considered all of Jones's remaining arguments and find them to be without merit.

The judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk